UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANETTE I. FLEISCHER,<br><br>                    Plaintiff,<br><br>v.<br><br><br><br>U.S. DEPARTMENT OF EDUCATION; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC,<br><br>                    Defendants. | Civil Case Number:<br><br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

To ensure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy, the Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting.

Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or Plaintiff's financial obligations.

Plaintiff Nanette I. Fleischer ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Equifax Information Services, LLC, ("EQUIFAX"); Experian Information Solutions, Inc. ("EXPERIAN"); and Trans Union, LLC ("TRANS UNION")(collectively the "CRAs") as well as the United States Department of Education ("DOE") (the CRAs and DOE shall be collectively referred to as the "Defendants").

As alleged with specificity herein, the CRAs: (i) erroneously reported inaccurate and derogatory credit information; and (ii) and failed to properly investigate.  Due to this conduct, Plaintiff suffered damages.

In addition, the DOE's wrongful attempted to unlawfully and abusively collect a debt allegedly owed by Plaintiff caused Plaintiff to suffer even further damages.

As alleged with specificity herein, Defendants failed to properly investigate Plaintiff's disputes and reported inaccurate credit information, damaging Plaintiff's creditworthiness

Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

Unless otherwise stated, all the conduct engaged in by Defendants took place in Richmond County, State of New York.

2

Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction because this case arises out of a violation of federal law.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because Plaintiff's federal and state claims arise from the same case or controversy.

This Court has personal jurisdiction over Defendants because Defendants conduct significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

Pursuant to 28 U.S.C. § 1391, personal jurisdiction and venue are proper in the Eastern District of New York for the following reasons: (1) the conduct complained of herein arose within this District; and (2) Defendants conduct significant business in this District.

Pursuant to 18 U.S.C. § 139, venue is proper in the United States District Court for the Eastern District of New York because:

    a. Defendants are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this District;

    b. Defendants do substantial business within this District;

    c. Defendants are subject to personal jurisdiction in this judicial district because Defendants have availed themselves of the laws and markets within this District; and,

    d. the harm to Plaintiff occurred within this District.

## PARTIES

Plaintiff is a natural person and citizen of the State of New York.

Plaintiff is, and at all times mentioned herein was, a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a "consumer" as that term is defined by New York § 380-A(b).

DOE is a governmental agency headquartered in the District of Columbia, doing business in New York, with a principal place of business in the District of Columbia.

DOE is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

EQUIFAX is a limited liability company formed under the laws of the state of Georgia, doing business in New York, with a principal place of business in Georgia.

EQUIFAX is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and N.Y. Gen. Bus. L. § 380-A(a).

EXPERIAN is a limited liability company formed under the laws of the state of Ohio, doing business in New York, with principal place of business in California.

EXPERIAN is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and N.Y. Gen. Bus. L. § 380-A(a).

TRANS UNION is limited liability company formed under the laws of the state of Delaware, doing business in New York, with principal place of business in Illinois.

TRANS UNION is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and N.Y. Gen. Bus. L. § 380-A(a).

The CRAs each regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports and are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and N.Y. Gen. Bus. L. § 380-A(e).

Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

### FACTUAL ALLEGATIONS

As alleged with specificity herein, the CRAs prepared and distributed one or more consumer reports, as that term is defined by 15 U.S.C. § 1681a(d), pertaining to Plaintiff that contained misleading and inaccurate information related to certain accounts held by DOE.

As alleged with specificity herein, the CRAs failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit file from including inaccurate information related to certain accounts held by DOE.

In or around April 2025, Plaintiff discovered factually inaccurate information being reported on the credit reports issued by the CRAs.

Specifically, Plaintiff discovered four separate charge offs and collections on her credit reports.

The credit reports *wrongfully* indicated that Plaintiff took out certain Perkins student loans in January 2025.

Despite this reporting, however, Plaintiff did **not** attend school in 2025 and she never took out any of these loans.

In other words, Plaintiff was not aware of, did not authorize, agree to, nor benefit from any of these loans.

After discovering these factual inaccuracies on the credit reports issued by the CRAs, Plaintiff requested that the CRAs remove the wrongfully reported loans from her credit report ***several times***.

Plaintiff also filled out an FTC ID Theft Report.

In addition, Plaintiff filed a police report bearing Complaint Number 2025-078-002546.

These factual inaccuracies continue to negatively impact Plaintiff's credit score and hinder her ability, *inter alia*, to secure a mortgage.

**Plaintiff's Dispute Letters**

Pursuant to 15 U.S.C. § 1681i, Plaintiff duly notified all three CRAs of her dispute.

Specifically, on or about November 17, 2025, Plaintiff mailed each of the CRAs a dispute letter by certified mail return receipt requested expressly explaining the inaccuracies related to these alleged loans.

In the dispute letters sent separately to each of the CRAs, Plaintiff expressly identified factual inaccuracies relating to four alleged accounts with the DOE ("Accounts").

In each letter, Plaintiff identified all of the information related to these Accounts, including, but not limited to:

a. $2,606.00 opened on or about January 13, 2025, past due in June 2025;

b. $2,612.00 opened on or about January 13, 2025, past due in June 2025;

c. $2,804.00 opened on or about January 13, 2025, past due in June 2025; and,

d. $8,330.00 opened on or about January 13, 2025, past due in June 2025.

By way of these dispute letters, Plaintiff expressly notified the CRAs of the erroneous reporting related to these Accounts as Plaintiff had confirmed that she was a victim of identity theft.

In addition to providing the CRAs with clear and explicit information relating to the Accounts, Plaintiff provided each of the CRAs with a copy of her Driver's License.

Plaintiff also provided each of the CRAs with a copy the FTC ID Theft Report and police report illustrating that Plaintiff did not take out any of the loans and that Plaintiff does not have any agreement with DOE.

Plaintiff demanded that the CRAs correct the erroneous reporting.

Each of Plaintiff's dispute letters were delivered to the CRAs.

Upon information and belief, the CRAs timely notified DOE of Plaintiff's dispute as required by 15 U.S.C. § 1681i(a)(2).

DOE was required to conduct an investigation into the Accounts on Plaintiff's consumer report pursuant to 15 U.S.C. 1681s-2(b).

The CRAs were required to conduct a reinvestigation into the Accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

A reasonable investigation by the Defendants would have indicated that the Accounts were fraudulent.

A reasonable investigation by the Defendants would have indicated that Plaintiff did not owe any balances because the Accounts did not belong to her.

The Defendants failed to review all relevant information provided by Plaintiff in here dispute letters, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B) and 15 U.S.C. § 1681i.

As alleged with specificity herein, Defendants reported, or caused to be reported, inaccurate information on Plaintiff's credit reports.

Presently, Defendants continue to report inaccurate information related to the Accounts on Plaintiff's credit reports.

Despite being made aware that Plaintiff is the victim of identity theft, the Accounts continue to be reported as belonging to Plaintiff.

By inaccurately reporting account information relating to the Accounts after notice and confirmation of the errors, Defendants failed to take the appropriate measures as set forth in 15 U.S.C. §§ 1681s-2(b)(1)(D) and (E).

The CRAs willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

Additionally, the CRAs failed to complete a reasonable reinvestigation under the FCRA after receiving disputes from Plaintiff related to the Accounts.

Upon receipt of Plaintiff's dispute, the Defendants failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) and 15 U.S.C. § 1681i.

The Defendants failed to review all relevant information provided by Plaintiff as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B) and 15 U.S.C. § 1681i.

Due to their failure to investigate, the Defendants each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), and 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and 15 U.S.C. § 1681i.

Plaintiff's continued efforts to correct the erroneous and negative information by disputing the reporting of these Accounts proved futile.

The Defendants continued inaccurate and negative reporting of these Accounts in light of its knowledge of the actual errors was willful.

The Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

By inaccurately reporting account information after notice and confirmation of their errors, the Defendants failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E) and 15 U.S.C. § 1681i.

As a result of the Defendants' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, invasion of privacy, out-of-pocket expenses in challenging the inaccurate reporting, damage to her creditworthiness, emotional distress and mental anguish as well as physical manifestations and injuries and harm.

As a result of DOE's unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered from invasion of privacy, damage to Plaintiff's credit score and credit worthiness, mental anguish by way of stress, frustration, and anxiety over the fact that DOE continued its inaccurate reporting of the Account despite the dispute letters requesting the correction of the erroneous reporting.

As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation, and embarrassment of credit denials, amongst others.

Plaintiff has further spent hours of her time and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage, and charges for postage.

Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation.

Furthermore, Congress and the New York legislature enacted the FCRA and NYFCRA to protect consumers from precisely the conduct described in this Complaint.

Congress and the New York legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

Consequently, the FCRA and NYFCRA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the New York legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## FIRST COUNT
### Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681, *et seq*. (FCRA)

Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

The foregoing acts and omissions of each of the Defendants constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

9

As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each of the Defendants.

As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from each of the Defendants.

**SECOND COUNT**
**Violations of the New York Fair Credit Reporting Act**
**N.Y. Gen. Bus. L. §§380,** *et seq***. (NYFCRA)**

Plaintiff repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

The foregoing acts and omissions of the CRAs constitute numerous and multiple willful, reckless, or negligent violations of the New York Fair Credit Reporting Act.

In the regular course of its business operations, the CRAs routinely engage in whole or in part in the practice of assembling or evaluating consumer credit information.

Because the CRAs are corporations, therefore "persons," as defined by N.Y. Gen. Bus. L. § 380-A(a), and are persons that engage in whole or in part in the practice of assembling or evaluating consumer credit information, therefore "consumer reporting agency," as defined by N.Y. Gen. Bus. L. § 380-A(e) was and always was obligated not to rely on information on a specific transaction or experience if the person knows or should have known that the information is incomplete or inaccurate, as required by N.Y. Gen. Bus. L. § 380-J(a)(4).

Additionally, the CRAs had notice of the inaccuracy and did not implement reasonable procedures to prevent the inaccurate information from appearing on Plaintiff's credit reports, resulting in damage to Plaintiff.

As a result of each and every willful violation of the NYFCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to N.Y. Gen. Bus. L. § 380-L(a); punitive

damages as the Court may allow pursuant to N.Y. Gen. Bus. L. § 380-L(b); and reasonable attorney's fees and costs pursuant to N.Y. Gen. Bus. L. § 380-L(c) from the CRAs.

As a result of each and every negligent noncompliance of the NYFCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to N.Y. Gen. Bus. L. § 380-M(a); and reasonable attorney's fees and costs pursuant to N.Y. Gen. Bus. L. § 380-M(b) from the CRAs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to N.Y. Gen. Bus. Law § 380-L(a) and N.Y. Gen. Bus. L. § 380-M(a);
- An award of punitive damages per willful violation of N.Y. Gen. Bus. L. § 380-L(b);
- Costs of litigation and reasonable attorney's fees, pursuant to N.Y. Gen. Bus. L. § 380-L(c) and N.Y. Gen. Bus. L. § 380-M(b); and
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: New York, New York
January 27, 2026

**KAZEROUNI LAW GROUP, A.P.C.**

By: /s/ Ross H. Schmierer

Ross H. Schmierer, Esq. (SBN: 4145702)
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com
*Attorney for Plaintiff*